# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FORT MYERS DIVISION

KRISTIAN A. JACOBS individually and on behalf
of all others similarly situated; GAYLE
VANDERBERG individually and on behalf of all
others similarly situated; MICHELE FLAITZ
individually and on behalf of all others similarly
situated; REBECCA DRAPER individually and on
behalf of all others similarly situated; CARY
WATSON individually and on behalf of all others
similarly situated,

          Plaintiffs,

-vs-                           Case No.  2:09-cv-514-FtM-29SPC

ORT SERVICES, INC. a Florida corporation d/b/a
Harbourside Grill & Tiki Bar; ALFRED
PANIAGUA individual; DEAN FOX individual,

          Defendants.

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This matter comes before the Court on the Joint Motion to Approve Settlement Agreement
(Doc. #24) filed on January 19, 2010.  The parties indicate they have reached a settlement of the
Plaintiff's claims against the Defendants.

This case was brought under the Fair Labor Standards Act (FLSA) 29 U.S.C. § 201 *et. seq.*
The Parties have reached a settlement agreement and seek court approval of that agreement.  In
Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-1355 (11th Cir. 1982),  the Eleventh
Circuit explained that claims for back wages under the FLSA may only be settled or compromised
when the Department of Labor supervises the payment of back wages or when the district court

enters a stipulated judgment "after scrutinizing the settlement for fairness." In the Joint Motion for Approval submitted by the Parties, (Doc. # 24), the Parties provide that a settlement of a bona fide good faith dispute was negotiated and is deemed fair and reasonable.

The compromise of the original claim reached between the parties is to be distributed as follows: The Plaintiff, Kristian Jacobs, is to receive $2,500.00 for overtime compensation and $2,500.00 for liquidated damages; the Plaintiff, Tina Marone, is to receive $2, 000.00 for overtime compensation and $2,000.00 for liquidated damages; the Plaintiff, Gayle Vanderberg, is to receive $350.00 for overtime compensation and $350.00 for liquidated damages; the Plaintiff Michele Flaitz is to receive $250.00 for overtime compensation and $250.00 for liquidated damages; the Plaintiff, Rebecca Draper, is to receive $600.00 for overtime compensation and $600.00 for liquidated damages; the Plaintiff, Frank Elston, is to receive $600.00 for overtime compensation and $600.00 for liquidated damages; the Plaintiff, Nicole Waggoner, is to receive $1,000.00 for overtime compensation and $1,000.00 for liquidated damages; and the Plaintiff, Cary Watson, is to receive $1,200.00 for overtime compensation and $1,200.00 for liquidated damages.

With regard to attorney's fees, the Court recognizes the ruling in Bonetti v. Embarq. Mgmt. Co., 2009 WL 2371407 (M.D. Fla. Aug. 2009)[1]. In accordance with Bonetti, Counsel has indicated the issue of attorneys fees and costs has been negotiated and settled independent and in seriatim of the Plaintiff's claims.

---

[1]The Bonetti Court held if the Plaintiff's recovery and attorney's fees were settled independently of the Plaintiff's claims, there would be no need to file the attorney's billing records unless the fees were out of line compared with the settlement agreement. Thus, the award of attorney's fees and costs would no longer require approval using the lodestar approach.

Because the Plaintiffs have agreed that the settlement figure was entered into knowingly and voluntarily, and attorney's fees and costs were negotiated independently and in seriatim of the Plaintiffs' claims, after having the opportunity to fully discuss it with Counsel, the Court concludes that the proposed settlement is a fair and reasonable resolution of a bona fide dispute over the FLSA.

Accordingly, it is now

**RESPECTFULLY RECOMMENDED:**

The Joint Motion to Approve Settlement Agreement (Doc. #24) should be **GRANTED** and the settlement agreement should be **APPROVED** by the District Court. It is further respectfully recommended the case should be **DISMISSED with Prejudice** pursuant to the agreement of the Parties and the Clerk should be directed to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully Recommended** at Fort Myers, Florida, this ___19th___ day of January, 2010.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record